IN RE PROCEEDINGS FOR THE MERGER OF VARIOUS SCHOOL DISTRICTS IN THE COUNTY OF SALINE AND IN THE COUNTY OF GAGE, STATE OF NEBRASKA.
SCHOOL DISTRICT OF WILBUR, COUNTY OF SALINE, STATE OF NEBRASKA, ET AL., APPELLEES, V. ARNOLD PRACHEIL ET AL., APPELLANTS.
141 N. W. 2d 768

Filed April 8, 1966. No. 36190.

Jerry L. Snyder, for appellants.

Clarence C. Kunc and Perry & Perry, for appellees.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and BURKE, District Judge.

SPENCER, J.

This is an appeal from the sustaining of a motion to dismiss appellants' appeal from the order of the county superintendents of schools of Saline and Gage Counties. The appellants are Arnold Pracheil, Adolph H. Svancara, Harvey Ebbers, Emma Vales, Leonard Karl, and Russell H. Dunn. They will hereinafter be referred to as appellants.

Proceedings for the merger of school districts Nos. 3, 4, 5, 9, 34, 51, 73, 75, 78, 79, 87, 88, 93, 97, 106, and 120 in Saline County, and school district No. 155 in Gage County, with school district No. 82 in Saline County, under section 79-402, R. S. Supp., 1963, were instituted before the county superintendents of schools by the filing of petitions signed by 520 legal voters residing in the 18 school districts. A hearing was held thereon in

Saline County on March 22, 1965, and the matter was taken under submission. On March 24, 1965, an order was entered granting the petitions and effecting the changes in the district boundaries of all of the districts except school districts Nos. 75, 87, and 88 of Saline County. The petitions as to those three districts were, dismissed.

Appellants filed a notice of appeal with the county superintendent of Saline County, and also an undertaking, which was approved by both county superintendents, and requested a transcript of the proceedings, which was filed in the district court for Saline County. The certificate is dated April 21, 1965. No filing stamp appears on the transcript, but we assume it was filed April 21, 1965, which is within the time required for perfecting an appeal. On April 27, 1965, school district No. 82 and Kenneth Reid, a taxpayer, legal voter, and chairman of the board of education of school district No. 82, who will hereinafter be designated as appellees, filed a motion to dismiss said appeal for 11 specific reasons, which we summarize as follows: (1) Said proceedings were not perfected as required by law; (2) no petition in error has been filed; (3) no transcript of the evidence has been provided or prepared; (4) all necessary parties are not brought before the court by the purported proceedings; (5) parties who are not necessary parties and have no interest in the proceedings on appeal are purportedly made parties, and there is a misjoinder of parties; (6) no transcript was filed within 1 month from the entry of the order of the county superintendents; (7) no petition in error was filed within 1 month; (8) all of the parties who filed the respective petitions are not made parties to the proceedings; (9) the designation purportedly made by the appellants of parties is erroneous; (10) the proceedings held before the county superintendents of schools were not a civil action but were a determination of the property rights and an appeal was not permitted; and (11) the proceedings had before the

county superintendents were not by their nature adversary proceedings, and the statutory provisions relative to appeal as to civil actions or adversary proceedings have no application herein.

The trial judge found generally for the appellees and sustained the motion to dismiss, but did not particularize in any way which of the questions raised by appellees he considered controlling. From appellees' brief, we consider their position to be that the appeal must be dismissed for the following reasons: (1) Appeal is not a proper remedy; (2) review may only be had by petition in error; (3) the parties plaintiff, who are the signers of the various petitions, must be listed and be served with process; (4) defect of parties; (5) a transcript of the evidence must be filed with a transcript of the proceedings; and (6) the gross inadequacy of the bond.

Previous to 1963, review of proceedings under section 79-402, R. S. Supp., 1961, was limited to proceedings in error. However, this section was amended by Legislative Bill 284. Laws 1963, c. 473, p. 1518. L. B. 284 added the following provisions, among others, to the statute: *"Provided,* that any person adversely affected by the changes made by the county superintendent may appeal to the district court of any county in which the real estate, or any part thereof, involved in the dispute is located. * * * If the real estate is located in more than one county, the court in which an appeal is first perfected shall obtain jurisdiction to the exclusion of any subsequent appeal." § 79-402, R. S. Supp., 1963.

There can be little doubt but that the statute was amended to remedy the difficulty suggested by the very questions appellees now attempt to raise. The obvious legislative intent was to simplify the review procedure. This conclusion is irrefutable when we consider that this provision was a Judicial Council proposal, offered to specifically provide for an appeal.

The Judicial Council also suggested Legislative Bill 277 (Laws 1963, c. 138, p. 515) to the 1963 Legislature to

provide the procedure for appeal where the statute confers a right to appeal but fails to prescribe the procedure. L. B. 277, which is now section 25-1937, R. R. S. 1943, prescribes not only the manner of taking an appeal to the district court but also provides how the appeal shall be considered. Section 25-1937, R. R. S. 1943, is as follows: "When the Legislature enacts a law providing for an appeal without providing the procedure therefor, the procedure for appeal to the district court shall be the same as for appeals from the county court to the district court in civil actions. Trial in the district court shall be de novo upon the issues made up by the pleadings in the district court. Appeals from the district court to the Supreme Court shall be taken in the same manner provided by law for appeals to the Supreme Court in civil cases and shall be heard de novo on the record."

Section 25-1937, R. R. S. 1943, is a complete answer to most of the questions raised by appellees. Appellees contend that while appellants have a right to be heard in the court of last resort, their remedy must be by proceedings in error. They argue as follows: "It appears clear that for this type of special proceeding the provisions of justice court appeal or actions between adversary parties are ineffectual to comply with the mandate of the statute and to advise parties to school petitions for merger that they are involved in litigation as litigants." The obvious answer to appellees' argument is that the statute now provides otherwise. While it may be restating the obvious, we suggest there is a clear distinction made in our Code of Civil Procedure between proceedings by petition in error and by appeal.

As to appellees' contention that all petitioners must be advised that they are involved in litigation as litigants, the filing of their petitions initiating the procedure which resulted in the hearing before the county superintendents accomplished that result. When the provisions of section 79-402, R. S. Supp., 1963, which require a notice

of hearing by the county committees and again by the county superintendents of schools, were complied with, jurisdiction was acquired on everyone to be affected by the proceeding. The appeal to the district court is essentially a new trial of the proceeding the 520 signers of the petitions initiated. Those concerned are bound to know that any dissatisfied legal voter had the privilege to appeal any order entered by the county superintendents to the district court. The filing of the notice of appeal was notice to all concerned that the question was to be presented to the district court by appeal.

Appeals from the county court to the district court in civil actions are provided for in section 24-544, R. R. S. 1943. It will be noted that it is to be "* * * in the manner as provided by law in cases tried and determined by justices of the peace." This procedure is found in Chapter 27, article 13, R. R. S. 1943.

Section 27-1302, R. R. S. 1943, provides the party appealing shall enter into an undertaking to the adverse party in double the amount of the judgment and costs within 10 days from the rendition of the judgment. Appellants entered into an undertaking in the amount of $100, conditioned as required by the statute. This undertaking was approved by both county superintendents on April 1, 1965, and was filed within the 10 days. Appellants filed a praecipe with the county superintendents of Saline and Gage Counties, as follows: "TO: BERNARD J. KLASEK, COUNTY SUPERINTENDENT OF SCHOOLS OF SALINE COUNTY, NEBRASKA; and LYLE B. HUNKINS, COUNTY SUPERINTENDENT OF SCHOOLS OF GAGE COUNTY, NEBRASKA.

"You are hereby requested to prepare a transcript of the proceedings had before the Board consisting of Bernard J. Klasek, County Superintendent of Schools of Saline County, Nebraska, and Lyle B. Hunkins, County Superintendent of Schools of Gage County, Nebraska, upon which an Order was entered by said Board on the 24th day of March, 1965, entitled, 'ORDER GRANTING

THE PETITION AND EFFECTING THE CHANGES IN THE DISTRICT BOUNDARIES, EXCEPTING AS TO SCHOOL DISTRICT NUMBER 75, OF SALINE COUNTY, NEBRASKA, SCHOOL DISTRICT NUMBER 87, OF SALINE COUNTY, NEBRASKA, AND SCHOOL DISTRICT NUMBER 88, OF SALINE COUNTY, NEBRASKA, AND DISMISSING THE PETITIONS AS TO SAID THREE LAST NAMED SCHOOL DISTRICTS'; said transcript should contain all entries made upon the docket the court filed therein, and the original of all papers filed in said proceedings."

A transcript of the proceedings was prepared and filed in the district court within 30 days, as required by section 27-1303, R. R. S. 1943. To appellees' contention that indispensable parties are not before the court, we suggest that the filing of the transcript transferred the proceedings to the district court for a trial de novo on the record made by the pleadings in the district court.

Section 27-1305, R. R. S. 1943, provides the parties shall retain the same status in the district court as they had in the tribunal below, so that the appellants here are defendants in the district court. Section 27-1306, R. R. S. 1943, provides that the plaintiff in the tribunal below shall within 50 days from the date of the judgment below file a petition, as required in civil cases in the district court, and that answer shall thereafter be filed and issue joined as in cases commenced in the district court.

It would appear to us that the appellants took every necessary step to perfect an appeal from the order of the county superintendents to the district court. It then became the burden of those interested in sustaining the order entered by the county superintendents to file a petition in the district court to effect that result.

Appellees insist that appellant should have filed a transcript of the testimony before the county superintendents. We do not understand that to be a requirement herein. The statute is clear that in an appeal from an

inferior tribunal to the district court, trial in the district court shall be de novo upon the issues made up by the pleadings in the district court. § 25-1937, R. R. S. 1943. The term "appeal" has on occasions been used as a generic term for all forms of rehearing, but as used in section 25-1937, R. R. S. 1943, we determine it to be used as the term is defined in Western Cornice & Mfg. Works v. Leavenworth, 52 Neb. 418, 72 N. W. 592. "Appeal" is a process of civil law origin and removes the cause entirely, subjecting the fact as well as the law to a review and retrial. It is, in fact, granting a new trial upon the same issue in a higher court. It is, therefore, incumbent upon those interested in sustaining the order entered by the county superintendents to file a petition within 50 days from the entry of the order by the county superintendents.

Appellees argue that no jurisdiction should attach herein because of the gross inadequacy of the bond. It is their contention that a proper bond should be in the amount of at least $150,000 rather than for a nominal amount. What has been said heretofore should be a sufficient answer to this contention. The bond required in this proceeding is merely a cost bond and is not a supersedeas. The bond filed and approved herein is in excess of the minimum bond required by section 27-1302, R. R. S. 1943, and the appeal is not subject to a motion to dismiss for its alleged inadequacy. If the bond is in fact inadequate as a cost bond, appellees are not without remedy.

For the reasons given above, the sustaining of appellees' motion to dismiss and the dismissal of appellants' appeal was erroneous. The judgment of the district court is reversed and the cause is remanded with directions to reinstate appellants' appeal and for further proceedings in harmony with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.