LESTER LANGUIS ET AL., APPELLANTS, v. HELEN DE BOER ET AL., APPELLEES.

HAROLD E. WILLIAMS ET AL., APPELLEES, v. JERRY HOLDEN ET AL., APPELLANTS.

146 N. W. 2d 750

Filed December 2, 1966. Nos. 36351, 36353.

William L. Walker and Earl Ludlam, for appellants.

Perry, Perry, Sweet & Witthoff, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and BOYLES, District Judge.

SPENCER, J.

Case No. 36353 is an appeal from the affirmance of the order of the county superintendent of Lancaster County dissolving School District No. 155, merging its territory with School District No. 160, and transferring its assets to said school district. Case No. 36351 is an appeal from the dismissal of an error proceeding from the same order of the county superintendent. Both cases were consolidated for trial in the district court by stipulation. Judgment was entered for appellees, and appeals were perfected to this court.

Appellants set out 11 assignments of error. A discussion of two of them will adequately present the questions involved.

Section 79-402, R. S. Supp., 1965, provides, so far as material herein, as follows: "The county superintendent shall * * * change the boundaries of any district upon petitions signed by sixty per cent of the legal voters of each district affected; Provided, that petitions must contain signatures of at least sixty-five per cent of the legal voters of each district affected in such instances as hereinafter indicated; * * *. Petitions proposing to * * * change the boundary lines of existing school districts shall, when signed by at least sixty per cent of the legal voters in each district affected, be submitted to the county committee for school district reorganization, established under sections 79-426.01 and 79-426.05. * * * The county committee shall also, within fifteen days

of receipt of the returned proposal, advertise and hold a public hearing at which the recommendations and action of the state and county committees shall be presented to the legal voters in attendance. * * * The county superintendent shall, within fifteen days, advertise and hold a hearing to determine the validity and sufficiency of the petitions. * * * Provided, changes affecting Class III, IV, V, and VI school districts and districts in which are located cities and incorporated villages may be made upon the petition of the school board or the board of education of the district or districts affected; provided further, that when a Class I or Class II school district petitions the school board or the board of education of a Class I or Class II school district to merge in whole or in part with such district, said petition of the petitioning district may be accepted upon the petition of the school board or the board of education of the accepting district; and provided further, that when a Class I school district petitions the school board or the board of education of a Class I school district with a six-man board to merge with such district, said petition of the petitioning district may be accepted upon the petition of the school board or the board of education of the accepting district."

Appellants urge that the last three provisos above set out apply only to the acceptance of legal voter petitions, and do not permit the school board to initiate the change. To use appellees' interpretation of appellants' position, "board to board petitions for merger are not available."

In construing a statute, effect must be given if possible to all its several parts. No sentence, clause, or word should be rejected as meaningless if it can be avoided. Rose v. Hooper, 175 Neb. 645, 122 N. W. 2d 753.

The first proviso reads: "Provided, changes affecting Class III, IV, V, and VI school districts *and* districts in which are located cities and incorporated villages may be made upon the petition of the school board or the board of education of the district or districts affected;

* * *." (Italics supplied.) The "and" can only mean that districts in which cities and villages are located are included as additional to the four districts specifically enumerated. There are only six classifications in the statute, so the reference must be to cities and incorporated villages in Class I and II school districts. The proviso also must be construed to permit the school board or board of education of any school district qualifying under this proviso either to petition for a change or to petition for the acceptance of a change. If appellants' construction were the proper one, the proviso would need to be read as though the words "the acceptance of" were inserted to modify the word "changes." To adopt appellants' construction would do violence to the plain intent of the proviso. We hold that board to board petitions are available for changes affecting Class III, IV, V, and VI school districts and districts embracing cities and incorporated villages.

The second and third provisos cover Class I or Class II school districts in which no cities or villages are located, and in them the proviso is restricted to the acceptance of petitions. The fact that these two subsequent provisos are so limited seems to furnish positive proof that the first proviso was not intended to be so limited. Otherwise, it would seem asinine to have three separate provisos.

School District No. 155 is a Class II district and embraces the village of Panama. It is therefore covered by the first proviso, as is School District No. 160, which is a Class III district.

Appellants argue that a change or alteration in boundaries of a school district must originate with the legal voters, and direct our attention to the previous holdings of this court that a school district may not maintain an action involving a change in boundary of the school district. See Hinze v. School Dist. No. 34, 179 Neb. 69, 136 N. W. 2d 434. Appellants ignore the fact that in section 79-402, R. S. Supp., 1965, as we construe it, the

Legislature has specifically authorized the school board or the board of education of certain school districts to petition for a change in boundaries. In this respect, we have often held that the state is supreme in the creation and control of school districts, and may, if it thinks proper, modify or withdraw any of their powers, or destroy such school districts without the consent of the legal voters or even over their protests. See De Jonge v. School Dist. of Bloomington, 179 Neb. 539, 139 N. W. 2d 296.

Fifteen of the legal voters of School District No. 155 filed objections with the county superintendent of schools to the granting of the petition for attachment of School District No. 155 to School District No. 160. After the granting of the petition by the county superintendent, some of the objectors filed a petition in error to the district court for Lancaster County. Some of those who did not join in the error proceedings perfected an appeal to the district court. Both groups were represented by the same attorneys. By stipulation, signed by the attorneys of record for all of the parties, both proceedings and one other which is of no consequence here were consolidated for trial in the district court. After trial de novo, the trial court determined the proceedings in error not to be a proper remedy herein by virtue of the fact that proceedings on appeal are now authorized, and dismissed the error proceedings. On the appeal proceedings, the trial court determined the order entered by the county superintendent was legal and proper, and approved and affirmed said order. The question has therefore been raised as to whether error proceedings are still available now that an appeal with trial de novo is provided.

Article I, section 24, Constitution of Nebraska, provides: "The right to be heard in all civil cases in the court of last resort, by appeal, error, or otherwise, shall not be denied."

The right of appeal in this state is purely statutory,

and, unless the statute provides for an appeal from the decision of a quasi-judicial tribunal, such right does not exist. From v. Sutton, 156 Neb. 411, 56 N. W. 2d 441.

One cannot be denied his right of review in the appellate courts, and proceedings in error are always resorted to where no other method is pointed out or provided for. Dodge County v. Acom, 72 Neb. 71, 100 N. W. 136.

Previous to 1963, there was no provision for appeal, and review of proceedings under section 79-402, R. S. Supp., 1961, was limited to proceedings in error. This section was amended by Legislative Bill 284, Laws 1963, c. 473, p. 1518, to provide that any person adversely affected by the changes made by the county superintendent may appeal to the district court. The obvious legislative intent was to simplify the review procedure by providing for appeal. See School Dist. of Wilbur v. Pracheil, 180 Neb. 121, 141 N. W. 2d 768. But does this mean appeal is exclusive? The trial court so held, and dismissed the proceedings in error.

In Moser v. Turner, 180 Neb. 635, 144 N. W. 2d 192, we said: "There is nothing in section 79-402, R. S. Supp., 1965, or in section 25-1937, R. R. S. 1943, which purports to take away the right to proceed in error under section 25-1901, R. R. S. 1943."

The finding of the trial court that the remedy provided by the 1963 amendment of the statute in question that appeal is exclusive is in error. We hold any person adversely affected by the changes made by the county superintendent pursuant to section 79-402, R. S. Supp., 1965, may proceed by appeal or by error proceedings, pursuant to section 25-1903, R. R. S. 1943. Where, as here, both methods are employed, the trial judge should consolidate the actions and try the consolidated case on appeal, as was done in this instance.

The erroneous determination that appeal is the exclusive remedy did not affect the result herein. The trial court on the trial de novo found that the order

entered by the county superintendent was legal and proper, and approved and affirmed that order. We find, after an examination of all the proceedings, that the order should have been affirmed in both proceedings. The judgment of the trial court affirming the action of the county superintendent is correct, and is affirmed.

AFFIRMED. ·