Russell Lemburg et al., Appellants, v. Richard D. Nielsen, County Superintendent of Howard County, Nebraska, et al., Appellees.

157 N.W. 2d 381

Filed March 15, 1968.    No. 36730.

Mingus & Mingus and Dier & Ross, for appellants.

Shaughnessy & Shaughnessy, Charles E. Taylor, Jr., Paul Dobry, and Perry, Perry, Sweet & Witthoff, for appellees.

Heard before White, C. J., Carter, Spencer, Boslaugh, Smith, McCown, and Newton, JJ.

McCown, J.

The district court sustained a motion to dismiss error proceedings in which appellants attempted to appeal an order of the county superintendent of schools of Howard County, Nebraska, dissolving one school district and attaching its territory to another under the provisions of section 79-402, R. S. Supp., 1965.

Both appeal and proceedings in error are available under section 79-402, R. S. Supp., 1965. See Languis v. De Boer, 181 Neb. 32, 146 N. W. 2d 750. Appellants elected proceedings in error under section 25-1901 et seq., R. R. S. 1943. The basic question involved is whether or not a purported transcript, not certified to or authenticated by the county superintendent of schools of Howard County, vests jurisdiction in the district court. The purported transcript consisted of photo copies of various documents which indicate that the county superintendent's order was entered on March 16, 1967. The petition in error

indicates the correct date was March 28, 1967. The petition in error was filed in the district court on April 24, 1967, and on May 25, 1967, the defendants and appellees filed a motion to dismiss the error proceedings upon the ground that the plaintiffs and appellants had failed to comply with various jurisdictional and statutory prerequisites.

Section 25-1905, R. R. S. 1943, provides in part: "The plaintiff in error shall file with his petition a transcript of the proceedings containing the final judgment or order sought to be reversed, vacated or modified."

Section 25-1931, R. R. S. 1943, provides in part: "No proceedings for reversing, vacating, or modifying judgments or final orders shall be commenced unless within one calendar month after the rendition of the judgment or making of the final order complained of; * * *."

In an error proceeding, under sections 25-1901 et seq., R. R. S. 1943, it is mandatory that the transcript be properly authenticated and timely filed to vest the appellate court with jurisdiction of the subject matter. Frankforter v. Turner, 175 Neb. 252, 121 N. W. 2d 377. See, also, Anania v. City of Omaha, 170 Neb. 160, 102 N. W. 2d 49.

The appellants urge that we apply the rule that where a duty is placed on a public official in connection with acts necessary to perfect appeal, his failure to perform cannot be charged to the litigant nor operate to defeat the appeal. In order to apply this rule, we would first have to assume from a photo copy appearing in a purported but uncertified transcript, that a request for a transcript was delivered to the county superintendent and he failed or refused to furnish it. There is no bill of exceptions here from which such facts can be determined. It should also be noted that section 25-1906, R. R. S. 1943, requires the county superintendent, upon request and being paid the lawful fees therefor, to furnish an authenticated transcript of the proceedings "to either of the parties * * *or to any person interested in procuring

such transcript." The county superintendent is not required to file a transcript anywhere. The responsibility for filing a proper transcript within time is placed directly on a plaintiff in error by section 25-1905, R. R. S. 1943.

What has been said makes it unnecessary to discuss other issues raised. The action of the district court in sustaining the motion to dismiss the error proceedings was correct and is affirmed.

AFFIRMED.