MARCUS CHERRY, APPELLANT, v. MARVIN A. LOFGREN, BUFFALO COUNTY SUPERINTENDENT OF SCHOOLS, ET AL., APPELLEES.

187 N. W. 2d 652

Filed June 11, 1971.   No. 37829.

Ross & Schroeder, for appellant.

Munro, Parker, Munro & Grossart, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

Marcus Cherry appeals from the dismissal of his petition on appeal in the district court. The district court's action is predicated on its determination that a proper transcript of the proceedings before the county superintendent was not filed with the petition on appeal. We reverse.

Appellant filed an adequate praecipe with the appellee county superintendent, requesting a transcript of the proceedings. It included the following: "The transcript of the proceedings should include, but not be limited to, duly authenticated copies of the original papers, pleadings and the final order of the Buffalo County Superintendent of Schools. Petitioner also requests that the transcript incorporate this praecipe here, the notice of appeal and the cost bond on appeal."

The county superintendent furnished the appellee a purported transcript to which the following certificate was attached: "I, Marvin Lofgren, County Superintendent of Schools of Buffalo County, Nebraska; having possession and custody of Buffalo County School District #101 files; hereby certify that this is a true and correct copy of the originals on file in the office of the Buffalo County Superintendent. /s/ Marvin Lofgren."

Plaintiff's petition on appeal and the alleged transcript were filed within the time allowed for appeal. One of the defendants filed a motion to dismiss, alleging among other grounds that a duly authenticated transcript of the proceedings from which appellant is purportedly appealing has not been filed and docketed in the district court as required by sections 27-1303 and 27-1304, R. R. S. 1943. The district court sustained the motion and entered the following order: "Now on this 1st day of September, 1970, this matter came on for decision of the Court. The Court finds that under the cases of Ne-

braska, he is obligated to dismiss the appeal for the reason that proper transcript of proceedings was not filed.

"In making this decision, the Court finds that this is one of those cases where the burden of filing the transcript is upon the appellant and the appellants therefore would have the duty to see that the transcript prepared by the County Superintendent was in correct form.

"This appeal is therefore dismissed."

Appellant on the hearing on his motion for a new trial offered an affidavit of the county superintendent, which so far as material herein, provides: "STATE OF NEBRASKA, COUNTY OF BUFFALO) ss

"I Marvin A. Lofgren, Buffalo County Superintendent of Schools, first being duly sworn deposes and says:

"That the transcript on file with the District Court of Buffalo County, Nebraska, contains duly authenticated copies of all proceedings containing the judgment and final order by the County Superintendent with regard to the petition filed to dissolve School District No. 101 in Buffalo County, Nebraska."

The trial court in dismissing the appeal relied on Lemburg v. Nielsen, 182 Neb. 747, 157 N. W. 2d 381, which places the responsibility for filing a proper transcript directly on the plaintiff in error. In that case, which was an error proceeding, the basic question involved was whether or not a purported transcript not certified to or authenticated by the county superintendent of schools of Howard County vested jurisdiction in the district court. We held that it did not; that it was mandatory that the transcript be properly authenticated and timely filed to vest the appellate court with the subject matter in an error proceeding. This had been the rule in error proceedings.

Previous to 1963, reviews in cases arising under section 79-402, R. S. Supp., 1961, were processed by error proceedings. This section was amended by the 1963

Legislature to provide that any person adversely affected by the changes made by the county superintendent could appeal to the district court. The obvious legislative intent was to simplify the review procedure by providing for appeal.

In School District of Wilbur v. Pracheil, 180 Neb. 121, 141 N. W. 2d 768, we said: "The Judicial Council also suggested Legislative Bill 277 (Laws 1963, c. 138, p. 515) to the 1963 Legislature to provide the procedure for appeal where the statute confers a right to appeal but fails to prescribe the procedure. L.B. 277, which is now section 25-1937, R. R. S. 1943, prescribes not only the manner of taking an appeal to the district court but also provides how the appeal shall be considered."

Subsequently, in Languis v. DeBoer, 181 Neb. 32, 146 N. W. 2d 750, we held: "Any person adversely affected by the changes made by the county superintendent pursuant to section 79-402, R. S. Supp., 1965, may proceed either by appeal or by error pursuant to section 25-1903, R. R. S. 1943."

The instant case is controlled not by Lemburg v. Nielsen, 182 Neb. 747, 157 N. W. 2d 381, as determined by the district court, but rather by Liljehorn v. Fyfe, 178 Neb. 532, 134 N. W. 2d 230. In Liljehorn we held that where the law makes it the mandatory duty of a public officer when requested to do so to provide a certified transcript of the proceedings for the appellant upon the payment of the costs, his failure or neglect to do so will not deprive the appellant of his right to appeal. The appellant herein complied with the law to perfect an appeal and his failure to secure a properly authenticated transcript is not his fault but that of the county superintendent.

We do not agree with the trial court that the appellant has the duty to see that the transcript prepared by the county superintendent is in proper form. It is the duty of the county superintendent to furnish appellant a properly certified transcript. The appellant in ordering a tran-

script is justified in relying upon the presumption that it will be properly prepared and available for him within the proper period for filing according to law. In re Estate of House, 144 Neb. 870, 15 N. W. 2d 56, dealt with a situation where an appellant was given an unsigned transcript by the county judge and filed it within the proper period. In holding that the failure of proper certification could not be charged to the appellant, the court said: "The oversight of the county judge in failing to attach his signature to the certification of the transcript cannot therefore be charged to the appellant and he cannot be deprived of his right to be heard on appeal because of the omission on the part of the county judge."

We here hold that where a defeated party undertakes to perfect an appeal from an adverse ruling of the county superintendent of schools and orders a transcript in accordance with section 27-1303, R. R. S. 1943, and the transcript is incomplete or deficient in form, all other requirements having been met, the failure to furnish a proper transcript will not defeat the appeal.

The application of different rules in error proceedings and appeals is very conducive to misunderstanding and confusion. While we dislike to change a rule so recently reexamined, in retrospect we believe the application of different rules to the filing of authenticated transcripts in appeal and error proceedings is drawing a distinction where none really exists. In all procedures where a public officer is required to furnish an authenticated transcript to the party appealing upon the payment of his costs, the rule should be exactly the same. We now overrule Lemburg v. Nielsen, 182 Neb. 747, 157 N. W. 2d 381, and the cases on which it is predicated, so far as they are in conflict with the rule enunciated herein.

A duly authenticated transcript of the proceeding to be reviewed must be filed in the district court, but if the required transcript furnished and filed is deficient

in form through no fault of the appellant, it should not defeat his right to an appeal.

The proper procedure in instances of this kind is for the appellant to file a request for a diminution of the record and for the district court by proper order to compel the inferior court or tribunal to make or amend the transcript according to law, whether by correcting an evident mistake or supplying an evident omission. In the instant case we observe that the alleged transcript filed herein not only had a deficient certificate but although the affidavit filed by the county superintendent indicates otherwise, there is no judgment or final order by the county superintendent included in it.

For the reasons indicated, the judgment herein is reversed and the cause is remanded for proceedings consistent with this opinion.

REVERSED AND REMANDED.