IN RE ESTATE OF THOMAS F. ARNOLD, DECEASED.
EDWARD M. ARNOLD, APPELLANT, V.
FRANCES MULLEN ET AL., APPELLEES.

315 N.W.2d 642

Filed February 5, 1982. No. 43889.

Murphy, Pederson, Piccolo & Anderson for appellant.

Dennis M. Connolly for appellee Ternus.

William Dill for appellee Mullen.

Heard before BOSLAUGH and WHITE, JJ., and BUCKLEY and CANIGLIA, District Judges, and RONIN, Retired District Judge.

BOSLAUGH, J.

Edward M. Arnold appeals from an order of the District Court dismissing his appeal from the final decree entered in proceedings to administer the estate of Thomas F. Arnold, deceased. The appellees contend that the bond filed by the appellant in the county court and approved by the county court was so defective that the District Court did not obtain jurisdiction of the appeal.

Neb. Rev. Stat. § 30-1603 (Reissue 1979) requires a party appealing in a probate matter to file a bond within 30 days "with two or more good and sufficient sureties, or with a corporate surety bond, to be approved by the court, conditioned that the appellant will prosecute such appeal to effect without unnecessary delay, and pay all debts, damages and costs that may be adjudged against him." The bond which was filed in this case was a "cash deposit in lieu of appeal undertaking." Although timely filed and approved by the county court, the bond did not have the sureties required by § 30-1603 and was defective in several other respects.

Where a defective bond is filed in an appeal in a probate proceeding, the appellee may move to require that a proper bond be given. If the appellant fails to comply with an order requiring that a new or amended bond be furnished, the appeal may be dismissed. *In re Estate of Kothe, on rehearing* 131 Neb. 780, 270 N.W. 117 (1936).

In the *Kothe* case we said at 785, 270 N.W. at 119: "[T]his jurisdiction is committed to the rule that, where a defective appeal bond in a probate proceeding is filed within the time prescribed by statute, the proper procedure for the appellee is to move to require a proper bond to be given within a time designated by the district court, and, upon failure to comply with the order, that the appeal may be dismissed." See, also, *State v. Kidder*, 169 Neb. 181, 98 N.W.2d 800 (1959); *In re Estate of McLean*, 138 Neb. 752, 295 N.W. 270 (1940); *Casey v. Peebles*, 13 Neb. 7, 12 N.W. 840 (1882); *Bazzo v. Wallace*, 16 Neb. 293, 20 N.W. 314 (1884); *Jacobs v. Morrow*, 21 Neb. 233, 31 N.W. 739 (1887); *In re Estate of Hoagland*, 128 Neb. 219, 258 N.W. 538 (1935).

The bond which was filed in this case was defective, but not void. The appellant should have been given an opportunity to amend or file a new bond before the appeal was dismissed.

The judgment is reversed and the cause remanded for further proceedings in conformity with this opinion.

REVERSED AND REMANDED.