ALVIN H. STIGGE ET AL., APPELLANTS, V. MARGARET M. GRAVES, COUNTY SUPERINTENDENT, CUMING COUNTY, NEBRASKA, APPELLEE.

332 N.W.2d 49

Filed April 1, 1983. No. 81-838.

John M. Thor of Grady, Caskey & Thor, for appellants.

John D. Feller, Cuming County Attorney, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ., and MORAN, D.J.

McCOWN, J.

The defendant county superintendent of schools entered an order dissolving a school district. The plaintiff landowners filed a petition on appeal in the District Court for Cuming County. The District Court sustained a demurrer to plaintiffs' petition on appeal on the ground that the court was without jurisdiction to hear the appeal, and dismissed the petition. This appeal followed.

On June 2, 1981, the defendant, Margaret Graves, superintendent of schools of Cuming County, entered an order dissolving school district No. 3 under the provisions of Neb. Rev. Stat. § 79-420 (Reissue 1981).

On June 11, 1981, the plaintiff landowners filed their petition in the District Court for Cuming County requesting an appellate review of the defendant's order. On the same day the plaintiffs deposited $50 cash in the District Court and also filed in the District Court (1) a copy of a notice of appeal addressed to the defendant superintendent notifying her that the plaintiffs intended to appeal to the District Court from her order of June 2; (2) a copy of a bond for appeal, signed on behalf of plaintiffs, undertaking to the defendant superintendent, in the sum of a $50 cash bond, conditioned that the plaintiffs would prosecute their appeal to effect and without unnecessary delay and that if judgment be adjudicated against them on appeal they would satisfy such judgment and costs; and (3) a copy of a praecipe for transcript addressed to the clerk of the

District Court and to the defendant superintendent requesting the preparation of a certified transcript of the proceedings undertaken by her, inclusive of all documents in her possession and filed relevant to the order.

In addition to filing the notice of appeal, appeal bond, and praecipe for transcript in the District Court, a duplicate copy of each of the three documents was delivered to the defendant personally on June 12, 1981, by the sheriff of Cuming County. Summons was also served on the defendant at the same time, notifying her that plaintiffs sought appellate review of her order of June 2, 1981, and an order of the District Court determining that the defendant had no legal authority to dissolve the school district, and declaring the order void and vacating it.

The defendant superintendent prepared and delivered a transcript which was filed in the District Court within 30 days, but the transcript did not contain copies of the praecipe for transcript, notice of appeal, or bond for appeal.

Thereafter, the defendant superintendent demurred to the plaintiffs' petition on the ground that the District Court did not have jurisdiction of the appeal.

On September 3, 1981, the District Court found that it did not have jurisdiction over the appeal because of a failure of plaintiffs to file a notice of appeal and bond for appeal as required by law, sustained the defendant's demurrer, and dismissed plaintiffs' petition.

On September 8, 1981, plaintiffs filed a motion for new trial and a motion for leave of court to amend the bond on appeal if the bond was found to be defective. On November 5, 1981, the District Court overruled plaintiffs' motion for a new trial but did not sustain or deny the motion for leave to amend the bond. Plaintiffs have appealed.

The defendant contends that the notice of appeal, the bond for appeal, and the praecipe for transcript

were not "filed" with her but were only delivered to or served on her. She also contends that the $50 cash deposit was made with the clerk of the District Court rather than with her and that she has never approved any surety on the bond for appeal. For these reasons she argues that plaintiffs have failed to comply with the statutory requirements for appeal and that the District Court did not acquire jurisdiction. It is undisputed that the documents were submitted within the statutory time and contained the statutorily defined provisions if they were properly "filed."

The statute under which the defendant acted in issuing the order of June 2, 1981, provides that appeals from the action of the county superintendent may be made to the District Court of the county of the official concerned, but provides no procedure. See § 79-420.

Neb. Rev. Stat. § 25-1937 (Reissue 1979) provides in part: "When the Legislature enacts a law providing for an appeal without providing the procedure therefor, the procedure for appeal to the district court shall be the same as for appeals from the county court to the district court in civil actions. Trial in the district court shall be de novo upon the issues made up by the pleadings in the district court."

The statutes governing appeals from county court to District Court in effect at the time of this proceeding were Neb. Rev. Stat. §§ 24-541 et seq. (Reissue 1979). Section 24-542 requires that the party appealing from a decree, judgment, or order of a county court shall, within 10 days of the rendition of judgment, file a notice of appeal with the county court, specifying the parties taking the appeal, and the decree, order, or judgment, or part thereof, appealed from.

Section 24-543 requires that the party appealing, within 10 days from the rendition of judgment, shall post a cash bond with the clerk of the court or enter into an undertaking to the adverse party, with at

least one good and sufficient surety to be approved by the court, in a sum not less than $50 in any case, nor less than the amount of the judgment and costs, conditioned that the appellant will prosecute his appeal to effect and without unnecessary delay, and that if judgment be adjudged against him on the appeal he will satisfy such judgment and costs.

Section 24-544 provides that the clerk of the county court shall make out a certified transcript of the proceeding, including the undertaking or cash taken for such appeal. The section requires the transcript to be filed with the clerk of the District Court within 30 days from the entry of judgment, and provides that filing of the transcript shall constitute filing of the appeal with the District Court.

Obviously, the appeal statutes referred to cannot be applied literally to a case such as the present one in which the order appealed from is not an order of any court. The matter is further complicated here by the fact that the defendant who entered the order appealed from is not only the issuer of the order but is also the adversary party defendant on the appeal.

In effect, the defendant contends that since she did not approve the surety on the appeal bond, the District Court could not acquire jurisdiction of the appeal. If the argument were valid, the adversary party, by failing to approve a surety on an appeal bond, could deprive the appealing party of a right of appeal and prevent the District Court from acquiring jurisdiction.

The appeal statutes are obviously intended to apply only to courts, and application to a factual situation such as the present one must be drawn by analogy. Some cases involving orders of superintendents of schools have interpreted the statutes by substituting the words "county superintendent" for the words "county court." See, *Cherry v. Lofgren,* 187 Neb. 133, 187 N.W.2d 652 (1971); *School Dist. of Wilbur v. Pracheil,* 180 Neb. 121, 141 N.W.2d 768 (1966).

The defendant does not contend that she failed to receive a duplicate copy of the notice of appeal and the bond on appeal with its undertaking addressed to her. She asserts only that plaintiffs failed to properly "file" the documents with her. The defendant's action in preparing and delivering a transcript of the proceedings which did not include the disputed documents established without dispute that she actually received the documents in her official capacity as county superintendent and acted upon some of them. Her failure to include the documents in the transcript should not be allowed to foreclose the plaintiffs' right to appeal.

The various documents were captioned "In the District Court of Cuming County." The contents of the documents, however, clearly indicate that they are addressed to the defendant and concern an appeal from her order as superintendent. The character of a pleading is determined by its content, not by its caption. See *Walkenhorst v. Apolius,* 172 Neb. 830, 112 N.W.2d 31 (1961).

This court has frequently held that where an appeal bond is given within the proper time, even if defective, the court has obtained jurisdiction, and the proper procedure is for the adverse party to move to compel the appellant to give a proper bond in an amount and conditioned as required by law. If the appellant fails to comply with an order requiring that a new or amended bond be furnished, the appeal may be dismissed. See, *Ballantyne Co. v. City of Omaha,* 173 Neb. 229, 113 N.W.2d 486 (1962); *In re Estate of Arnold,* 210 Neb. 528, 315 N.W.2d 642 (1982).

Neb. Rev. Stat. § 25-852 (Reissue 1979) provides: "The court may, either before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding, by adding or striking out the name of any party or by correcting a mistake in the name of the party, or a mistake in any other respect, or by inserting other allegations material to the case, or, when the

amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved. Whenever any proceeding taken by a party fails to conform, in any respect, to the provisions of this code, the court may permit the same to be made conformable thereto by amendment.''

Neb. Rev. Stat. § 25-853 (Reissue 1979) provides: "The court in every stage of an action must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect.''

The filing of an appeal bond is a "proceeding" as used in the above statutes, and the right to amend an appeal bond is within the purview of both of the cited sections. See *Ballantyne Co. v. City of Omaha, supra.*

In the present case the evidence established that there was substantial performance of the statutory requirements for appeal and that the District Court acquired jurisdiction of the appeal. The judgment of the District Court is reversed and the cause remanded for further proceedings with directions to permit the amendment of the current bond on appeal or to permit the filing of a new bond on appeal.

REVERSED AND REMANDED
WITH DIRECTIONS.