ROLLIN C. BAMMER, APPELLEE, V. HOLLY JENSEN, DIRECTOR OF THE DEPARTMENT OF MOTOR VEHICLES, STATE OF NEBRASKA, APPELLANT.

384 N.W.2d 263

Filed April 4, 1986. No. 84-651.

Robert M. Spire, Attorney General, and Jill Gradwohl, for appellant.

Mark S. Trustin of Stehlik, Smith, Trustin, Schweer & Ruder, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.

Holly Jensen, director of the Department of Motor Vehicles, appeals the district court's reversal of her order revoking Rollin C. Bammer's operator's license pursuant to the implied consent statutes, Neb. Rev. Stat. §§ 39-669.08, 39-669.18, and 60-420 (Reissue 1984). Among the director's assignments of error is the claim that the district court, and consequently this court, lacks jurisdiction over the subject matter of the proceeding. We agree and, consequently, without considering her other assignment of error, reverse the decision of the district court and dismiss this appeal.

On January 27, 1984, the director received a letter dated the previous day from Bammer's attorney advising that a petition appealing her order had been filed with the district court for Sarpy County and that a bond had been obtained which had been "sent . . . for approval to the state auditor." The letter went on to say that a copy of that bond was enclosed. The director's transcript, prepared on January 31, 1984, contains a copy of an unapproved bond bearing facsimilies of signatures purporting to be those of Bammer and of an attorney-in-fact for the corporate surety.

The original bond, showing it to be in connection with a proceeding before the director, and which was approved by the state auditor on January 27, 1984, was filed with the clerk of the district court on Monday, February 6, 1984. The copy of the

bond sent to the director is a true copy of the original as filed with the district court, except that the former lacks a facsimile of the auditor's signature. Subsequently, on May 2, 1984, the original of the bond was sent to the director and a true copy thereof substituted in the district court's file.

The relevant hearing before the director and the trial before the district court took place prior to July 10, 1984, when the present version of § 60-420 (Reissue 1984) became effective. However, the amendments made by 1984 Neb. Laws, L.B. 697, do not concern us, for there was no change in the relevant portion of § 60-420, which reads:

> The ruling, decision, or order of the director in refusing to issue or reinstate such license or in suspending, canceling, or revoking the same shall be as final and binding as the final order or judgment of a court of general jurisdiction. The applicant, licensee, or appellant shall, within twenty days from the date of the final order complained of, execute a bond for costs to the State of Nebraska in the sum of two hundred dollars with sufficient surety to be approved by the Auditor of Public Accounts. The bond shall be filed in the office of the director.

In essence, the director claims that the copy of the bond filed with her on January 27, 1984, is a nullity because it was not approved by the auditor and that the bond filed with the district court for Sarpy County on February 6, 1984, was a nullity because it was not filed with her until after the 20 days allotted by § 60-420.

Bammer argues that § 60-420 requires only that the bond be executed and approved within 20 days of the director's order, not that it be filed within those 20 days or any other fixed period. In support of that position he points out the requirement that the bond be filed in the office of the director is contained in a separate sentence from that which concerns itself with the execution and approval of the bond within 20 days of the order about which complaint is made. The argument is an effort to create an ambiguity where none exists. Whether the execution, approval, and filing requirements be contained in one, two, or three sentences in no manner changes the sense of the statute that a bond in fact be executed, approved, and filed

in the director's office within the time specified. Were Bammer's argument accepted, a bond, once executed and approved, would never have to be filed. Such a holding would, in effect, defeat the bond requirement.

Moreover, we have previously stated that the filing of the bond required by the foregoing statute is a necessary step to the acquisition of subject matter jurisdiction of an implied consent proceeding by the district court. *Lydick v. Johns*, 185 Neb. 717, 178 N.W.2d 581 (1970); *Buettner v. Sullivan*, 191 Neb. 592, 216 N.W.2d 872 (1974).

The most recent case bearing on the issue, decided after the district court made its decision in this case, is *Black v. State*, 218 Neb. 572, 358 N.W.2d 181 (1984). Therein, a $200 check drawn on the trust account of appellant's attorney was sent to the office of the director. The director sent a letter stating this deposit was not sufficient as a bond under the version of § 60-420 then in effect. A proper bond was then sent to the director; however, it was not received by the director's office until 21 days after the order of revocation had been issued. This court stated the right of appeal was clearly statutory, that the statute's requirements were mandatory, and that it was the appellant's duty to see that the bond was delivered to the proper official within the time provided by law. The district court was held to have properly dismissed the appeal, as it lacked jurisdiction due to the aggrieved party's failure to meet those requirements.

A filing in the district court is obviously not a filing in the office of the director. Consequently, the February 1984 district court filing failed to comply with the requirement of § 60-420 that an approved bond be filed in the office of the director within 20 days from the date of the final order about which complaint was made. *Black v. State, supra.*

However, this court has permitted appeal bonds filed on time, but which were defective in form or substance, to be amended. *The Exchange Bank v. Mid-Nebraska Computer Services, Inc.*, 188 Neb. 673, 199 N.W.2d 5 (1972) (incomplete conditions); *Ballantyne Co. v. City of Omaha*, 173 Neb. 229, 113 N.W.2d 486 (1962) (incomplete conditions); *State v. Kidder*, 169 Neb. 181, 98 N.W.2d 800 (1959) (provided only one

of two required sureties). The director's complaint is that the copy of the bond filed with her on January 27 was not approved by the auditor. She makes no complaint that the copy of the bond given her contained neither the original signature of Bammer as the principal nor that of the surety. We therefore do not concern ourselves with the adequacy of the facsimile signatures. Thus, the precise question before us is whether the January 27 filing with the director, although defective because it was not approved by the auditor, was nonetheless a sufficient bond so as to permit its subsequent amendment by the filing made with the director in May.

In *Stigge v. Graves*, 213 Neb. 847, 332 N.W.2d 49 (1983), an appeal from an order dissolving a school district was undertaken pursuant to a statute which provided that the appeal procedure would be as in appeals from the county to the district court. The appellants filed their notice of appeal, a $50 cash bond undertaking to diligently prosecute the appeal and pay any judgment and costs, and a praecipe for transcript in the district court. A duplicate copy of each of the documents was delivered to the superintendent. In moving for a dismissal the superintendent argued that the appeal documents and bond had not been "filed" with her as required, but only delivered, or served, on her, and that she had not approved the bond. We noted that the procedural statutes were not designed to fit the situation but that they did provide for a cash or surety bond for not less than $50, to be approved by the superintendent. In reversing the district court's judgment of dismissal, this court said that the bond could be amended.

Just as in *Stigge*, the original of the bond in this case was filed in the district court rather than in the proper office. And just as in *Stigge*, the copy of the bond originally filed in the proper office in this case was not approved. However, unlike the situation in *Stigge*, the procedure specified by § 60-420 is specifically designed for appeals from the director. The unambiguous language of § 60-420 requires that a bond approved by the auditor be filed with the director within 20 days of the final order of which complaint is made. Therein lies another significant difference between the situation in *Stigge* and that presented by the case at hand. In *Stigge* the bond was

to be approved by the superintendent, the very person who made the decision from which the appeal was taken. In the present case, however, the approval is to be by an independent third party, the auditor, thereby avoiding the concern expressed in *Stigge* that the superintendent could thwart an appeal by refusing to approve the bond. Thus, *Stigge* does not apply to the situation presently before us.

Rather, this case is controlled by *Black v. State*, 218 Neb. 572, 358 N.W.2d 181 (1984). Bammer had the duty to timely file a properly approved bond with the director. The unapproved copy of the bond he did file with the director within the statutory time was not sufficient to permit an amendment by a later untimely filing of an approved bond. Consequently, the district court failed to acquire jurisdiction and should have dismissed Bammer's appeal.

That being so, the district court's judgment is reversed and this appeal dismissed.

REVERSED AND DISMISSED.