SOUTH MAPLE STREET ASSOCIATION, A GROUP OF TAXPAYERS, PROPERTY OWNERS, AND NEIGHBORS, APPELLANT, V. BOARD OF ADJUSTMENT, CITY OF CHADRON, NEBRASKA, APPELLEE.

230 N. W. 2d 471

Filed June 12, 1975. No. 39807.

Judy L. Raetz, for appellant.

Bump & Bump and William L. Howland, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

This is an error proceeding involving a zoning decision in the city of Chadron, Nebraska, permitting the expansion of a trailer court. On denial of a conditional use permit by the city planning commission, an appeal was taken to the city Board of Adjustment where the permit was granted. The District Court affirmed the Board of Adjustment decision, as do we.

There are three assignments of error. One, a meeting of the Board of Adjustment in executive session was improper; two, the board failed to make written findings of fact and conclusions of law; and three, there was an unconstitutional delegation of authority as there were insufficient standards contained in the ordinance.

The session held by the Board of Adjustment appears to be proper and unchallenged except that after conducting a public hearing the Board went into executive session. On its return a vote was taken and the permit granted. Section 84-1405, R. S. Supp., 1974, specifically authorizes administrative agencies to hold executive sessions under certain conditions. It is not contended that the conditions were not complied with in this instance.

Section 84-915, R. R. S. 1943, requires that decisions of an "agency," "be in writing or stated in the record and shall be accompanied by findings of fact and conclusions of law." Chapter 84, article 9, R. R. S. 1943, is applicable only to agencies of the state government. "In the absence of a special requirement, a board of adjustment is not required to include findings of fact or a statement of the reasons for its decision in the order entered upon an application made to the board." Crane v. Board of County Commissioners, 175 Neb. 568, 122 N. W. 2d 520.

It appears that the city zoning regulations contemplated the use of the area in question for a mobile home park and when a conditional use permit is granted for such purpose, it sets requirements for such use. The order entered does not result in a variance from a zoning regulation. Section 19-910, R. R. S. 1943, defines the powers of a board of adjustment. The applicable city ordinance is in compliance with the statute. In argument it is not contended that either the statute or the ordinance is deficient in laying down standards pertaining to the Board of Adjustment. The only complaint made is that the board failed to adopt rules and regulations in accordance with the provisions of the ordinance

adopted pursuant to Chapter 19, article 9, R. R. S. 1943. Procedural rules governing the Board of Adjustment are detailed in sections 19-908 and 19-909, R. R. S. 1943, and in the applicable city ordinance. We are unable to observe any deficiency in the rules so promulgated. In Weiner v. State Real Estate Commission, 184 Neb. 752, 171 N. W. 2d 783, it was held that an administrative agency is not required to set out statutory provisions in its rules and regulations. As in that case, it is here apparent that due process of law requirements have been met. It is also noted that the record fails to verify the appellant's statement that the board failed to adopt any rules or regulations.

No error appearing, the judgment of the District Court is affirmed.

AFFIRMED.