752 N.W.2d 124 (2008)
275 Neb. 852
In re Application of Mark OLMER.
Mark Olmer, Appellant,
v.
Madison County Board of Commissioners, Appellee.
No. S-07-247.
Supreme Court of Nebraska.
June 6, 2008.
*125 Stephen D. Mossman, of Mattson, Ricketts, Davies, Stewart & Calkins, Lincoln, and James G. Egley, of Moyer, Moyer, Egley, Fullner & Montag, Madison, for appellant.
Joseph M. Smith, Madison County Attorney, for appellee.
WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
*126 GERRARD, J.
This is an appeal from the judgment of the district court, which affirmed the decision of the Madison County Board of Commissioners (the Board) denying Mark Olmer's application for a conditional use permit. Olmer contends that the district court erred by reviewing his appeal from the Board's decision under the standard of review for error proceedings. Olmer argues that the district court should have conducted a trial de novo pursuant to Neb. Rev.Stat. § 25-1937 (Reissue 1995). As discussed below, we conclude that Olmer had the option of proceeding either by way of a petition in error or by filing an appeal under § 25-1937. Because Olmer chose to proceed under § 25-1937, the district court erred in treating his appeal as an error proceeding, and we reverse the judgment of the court and remand this cause with directions.

FACTS
Olmer filed an application for a conditional use permit to allow a "swine finishing operation" on his property in Madison County, Nebraska. Olmer's proposed swine finishing operation would involve approximately 2,460 head of feeder pigs. After hearings before the Madison County Planning Commission, the planning commission recommended to the Board that Olmer's application be approved with certain conditions. On September 27 and October 7, 2005, the Board held hearings on Olmer's application. At the hearing on September 27, the Board received into evidence various exhibits and heard the testimony of several individuals, some testifying in favor of Olmer's application and others testifying against it. Minutes from this hearing indicate that there was discussion about, among other things, the threat of increased nitrate levels in the ground water near Olmer's proposed operation, the procedures Olmer would adopt to control odor and dust, and the effect Olmer's operation would have on the health of neighboring landowners.
After all of the evidence was presented, the Board, on October 7, 2005, issued "Resolution #2005-77," setting forth in detail the Board's findings of fact and denying Olmer's application for a conditional use permit. On November 4, Olmer filed a "Notice of Appeal" with the county commissioners of Madison County, informing the county commissioners of his intent to appeal the Board's decision to the Madison County District Court. On November 21, Olmer filed a "Petition on Appeal" in the district court, setting forth his grounds for appeal. In his "Petition on Appeal," Olmer stated that he "has properly perfected his appeal under Section 25-1937."
On November 30, 2006, the district court held what appeared to be a trial on a joint stipulated record. The stipulated record received by the court included, among other things, the minutes of the hearings held before the Board and all of the exhibits offered and received by the Board. The stipulated record also included evidence that was not presented to the Board, including deposition testimony from Olmer's neighbor and attached exhibits. One of the issues presented to the district court was whether Olmer's appeal from the Board's decision is governed by Neb.Rev. Stat. § 25-1901 (Supp.2007) and is therefore treated as a review on a petition in error or whether his appeal is governed by § 25-1937 which requires a trial de novo in the district court.
The district court found that the Board, in denying Olmer's conditional use permit, acted as a tribunal exercising judicial functions and that therefore, Olmer's appeal should be treated as a petition in error. Because Olmer's appeal was treated as a petition in error, the court explained that *127 Olmer was not entitled to a trial de novo, nor could the court receive additional evidence that was not offered at the hearing before the Board. Accordingly, the court stated that, in making its decision, it did not consider any exhibits that were not offered and received by the Board.
The court determined that Olmer had met all of the jurisdictional requirements for filing a petition in error and that therefore, the court had jurisdiction to review the Board's decision denying Olmer's application. The court, relying on the standard of review for error proceedings, found that the Board acted within its jurisdiction and that the Board's findings were supported by some competent evidence in the record. Accordingly, the court affirmed the Board's decision denying Olmer's application. Olmer appealed.

ASSIGNMENTS OF ERROR
Olmer assigns, consolidated, restated, and renumbered, that the district court erred in (1) reviewing the Board's decision under the standard of review applicable to a petition in error, as opposed to conducting a trial de novo as required under § 25-1937, and (2) affirming the decision of the Board denying his application for a conditional use permit.

ANALYSIS

PROPER METHOD OF APPEAL AND STANDARD OF REVIEW FOR DISTRICT COURT
The primary issue presented in this appeal is the proper procedure and standard of review for an appeal of a denial of a conditional use permit by a county board of commissioners. Olmer claims that the proper method of appeal and standard of review is set forth in § 25-1937, which requires the district court to conduct a trial "de novo upon the issues made up by the pleadings in the district court." The Board contends, however, that because it acted in a judicial manner in denying Olmer's application, Olmer's exclusive mode of appeal was through the filing of a petition in error under § 25-1901.
In Mogensen v. Board of Supervisors,[1] we were asked to determine the proper procedure for appealing a denial of a conditional use permit by a board of supervisors. In that case, the county board of supervisors denied an application for a conditional use permit. The applicant filed a petition in error in the district court. The district court affirmed the board of supervisors' decision.
On appeal to this court, we concluded that the district court lacked jurisdiction because the applicant's filing of a petition in error did not properly perfect the appeal. In reaching this conclusion, we noted that the Nebraska Court of Appeals, in Niewohner v. Antelope Cty. Bd. of Adjustment,[2] had addressed a similar issue and had concluded that under Neb.Rev.Stat. § 23-168.03 (Reissue 1997), an appeal of a denial of a conditional use permit by the county board of supervisors must be made to the board of adjustment.
We agreed with the Court of Appeals and concluded that the appeal procedure in Neb.Rev.Stat. §§ 23-168.01 to 23-168.04 (Reissue 1997) foreclosed the ability to appeal a decision of the board of supervisors to the district court through a petition in error under § 25-1901.[3] We explained *128 that "by adopting a specific method for appeal, the Legislature provided for an appeal specifically outside of the petition in error" and that therefore, "an appeal from a board of supervisors denying a conditional use permit is to be taken in accordance with §§ 23-168.01 to 23-168.04 and not by a petition in error."[4] And because the applicant did not file an appeal with the board of adjustment, the district court did not have jurisdiction to hear his appeal on a petition in error.
In response to the circumstances presented in Mogensen and Niewohner, the Legislature, in 2004, amended Neb.Rev. Stat. § 23-114.01(5) (Reissue 1997) by adding the following language: "An appeal of a decision by the county planning commission or county board of commissioners or supervisors regarding a conditional use or special exception shall be made to the district court."[5] With the addition of this language, the statute is now clear that contrary to the Court of Appeals' opinion in Niewohner and our decision in Mogensen, appeals from a planning commission, county board, or board of supervisors are not to be made to the board of adjustment. Instead, these appeals are now taken directly to the district court.
At issue in this case is the effect that this language now has on Olmer's mode of appeal and the district court's standard of review. Olmer argues that by amending § 23-114.01(5), the Legislature has conferred a right to appeal, but has failed to prescribe the proper procedure for doing so. As a result, Olmer claims that the method of appeal and standard of review is determined by § 25-1937. This section provides in relevant part that
[w]hen the Legislature enacts a law providing for an appeal without providing the procedure therefor, the procedure for appeal to the district court shall be the same as for appeals from the county court to the district court in civil actions. Trial in the district court shall be de novo upon the issues made up by the pleadings in the district court.
The Board, however, argues that § 25-1937 does not apply when a board or tribunal appealed from is exercising judicial functions. The Board claims that when a board or tribunal exercises judicial functions, a petition in error is the exclusive remedy for those seeking review of the board's decision. And because the Board in the instant case acted judicially, Olmer's only method of review was by way of a petition in error.
The procedures governing reviews on petitions in error are found in Neb.Rev.Stat. §§ 25-1901 to 25-1908 (Reissue 1995 & Supp.2007). Section 25-1901 provides, in relevant part, that a "judgment rendered or final order made by any tribunal, board, or officer exercising judicial functions and inferior in jurisdiction to the district court may be reversed, vacated, or modified by the district court." And § 25-1903 states that "[t]he proceedings to obtain such reversal, vacation or modification shall be by petition entitled petition in error, filed in a court having power to make such reversal, vacation or modification, setting forth the errors complained of...." In reviewing a decision based on a petition in error, an appellate court determines whether the inferior tribunal acted within its jurisdiction and whether the decision rendered is supported by sufficient relevant *129 evidence.[6] When making this determination, an appellate court is restricted to the record created before the lower tribunal.[7]
We agree with the Board that by receiving exhibits, hearing testimony, and reaching a decision based on that testimony, it exercised judicial functions.[8] We are not, however, persuaded by the Board's argument that because it exercised judicial functions, Olmer's sole method of appeal was through a petition in error. In a similar case, Moser v. Turner,[9] we addressed the question whether an appeal from a decision of the county superintendent must be made by a petition in error under § 25-1901, or whether an appeal could be had under § 25-1937. In that case, two petitions in error were filed in the district court seeking review of the decisions of two county superintendents regarding the dissolution and annexation of certain school districts. Separate trials were held in the district court, and the cases were combined for appeal.
On appeal to this court, the appellants argued that the district court did not have jurisdiction because proceedings in error could not be taken from the decision of the county superintendent. The appellants claimed that the exclusive method of appeal was under § 25-1937. We explained that the right to appeal was set forth in Neb.Rev.Stat. § 79-402 (Reissue 1966), which provided that "`any person adversely affected by the changes made by the county superintendent may appeal to the district court of any county in which the real estate, or any part thereof, involved in the dispute is located.'"[10] We noted, however, that § 79-402 did not provide a method of appeal. We explained that under § 25-1937, "where a statute provides for an appeal without setting forth the procedure therefor, the appeal shall be the same as appeals from county court to district court in civil actions."[11]
We also acknowledged that "[t]his court has repeatedly held that where the county superintendents of schools act in a quasijudicial capacity, their decisions may be reviewed under section 25-1901 ... by petition in error...."[12] We reconciled these two procedures for acquiring review by explaining:
There is nothing in section 79-402 ... or in section 25-1937 ... which purports to take away the right to proceed in error under section 25-1901.... Any person adversely affected by the changes made by a county superintendent pursuant to section 79-402 ... may proceed by appeal or by error pursuant to section 25-1901....[13]
Thus, we concluded that although the county superintendents performed quasi-judicial acts, review of their decisions could be had by petition in error under § 25-1901 or by appeal under § 25-1937.[14]
*130 Like the county superintendents in Moser, the Board in the present case, in denying Olmer's application, was exercising judicial functions which decisions are generally reviewed through the filing of a petition in error.[15] But § 23-114.01(5) clearly provides for a right of appeal to the district court from the Board's decision, without setting forth any procedure for prosecuting the appeal. Therefore, the appeal procedure in § 25-1937 is also implicated.[16] And there is nothing in § 23-114.01(5), nor in § 25-1937, that purports to remove the right to proceed in error under § 25-1901. Thus, we conclude that under the circumstances presented here, Olmer had the option of filing either a petition in error under § 25-1901 or an appeal under § 25-1937.
Olmer, in his "Petition on Appeal" filed in the district court, specifically references § 25-1937 as his chosen method of appeal. Accordingly, the district court erred in treating Olmer's appeal as if it were a petition in error.

DISTRICT COURT HAS JURISDICTION
Having determined that an appeal under § 25-1937 is available to Olmer and that he has selected this mode of appeal, the next issue that we must address is whether Olmer has properly perfected his appeal to the district court. Section 25-1937 provides, in relevant part, that "the procedure for appeal to the district court shall be the same as for appeals from the county court to the district court in civil actions." The statute governing the procedure for appeals from county court to district court is Neb.Rev.Stat. § 25-2729 (Cum.Supp.2006). Section 25-2729(1)(a) requires, among other things, that in order to perfect an appeal from the county court, the appealing party must file a notice of appeal with the clerk of the county court within 30 days after the entry of the judgment or final order.
Olmer argues that he has complied with this statute by filing, on November 4, 2005, a "Notice of Appeal" with the county commissioners of Madison County. Clearly, § 25-2729(1)(a) was intended to apply to appeals from county court and, as a result, cannot be applied literally to the present case.[17] Thus, an application of this statutory provision to the circumstances presented in this case will be drawn by analogy. As applicable here, § 25-2729(1)(a), in essence, requires that the appealing party file a notice of appeal with the lower tribunal or decisionmaker within 30 days after entry of the judgment.
The record establishes that Olmer has complied with this requirement. The Board issued its decision denying Olmer's application for a conditional use permit on October 7, 2005. Olmer filed a "Notice of Appeal" to the county commissioners that was file stamped by the Madison County clerk on November 4, thus satisfying the 30-day time requirement. The record further establishes that the other requirements for appeal to the district court were met. Therefore, we conclude that Olmer has met the jurisdictional requirements for filing an appeal to the district court.

APPELLATE STANDARD OF REVIEW
Next, we must determine what standard of review we apply for our review of the *131 district court's decision. As already noted, Olmer has chosen to appeal the Board's decision under § 25-1937, which requires that the district court conduct a trial "de novo upon the issues made up by the pleadings in the district court." Section 25-1937 further provides that "[a]ppeals from the district court to the Court of Appeals shall be taken in the same manner provided by law for appeals from the district court in civil cases." This language speaks to the "manner" of appeal, but does not provide any guidance as to the appropriate standard of review to be used by an appellate court.
An appeal under § 25-1937 is comparable to the manner in which appeals have previously been taken to a district court from a decision of a small claims court. And in those cases, we have held that when reviewing the decision of a district court that has conducted a trial de novo upon appeal from a small claims court, the judgment of the district court has the effect of a jury verdict and should not be set aside unless clearly wrong.[18] The evidence must be considered in the light most favorable to the successful party, with evidentiary conflicts being resolved in favor of the successful party, who is entitled to every reasonable inference that may be drawn from the evidence.[19]
Because of the similarities between that procedure and an appeal under § 25-1937in particular, that both cases involve the district court's conducting a trial de novowe conclude that a comparable standard of review should be applied. We know that the procedure for appeals from small claims court has recently been changed, but that does not affect our analysis here.[20]
We disagree with Olmer's suggestion that our review of the district court's decision is de novo on the record, and to the extent In re Dissolution of School Dist. No. 22[21] holds otherwise, it is disapproved. It is apparent under § 25-1937 that the Legislature intended a trial de novo in the district court for these types of appeals. Given such circumstances, in determining our standard of review, we find no reason to deviate from the same deferential standard of review that we apply to appeals from the district court in other civil law actions. Thus, we conclude that when a decision regarding a conditional use or special exception permit is appealed under § 23-114.01(5) and a trial is held de novo under § 25-1937, the findings of the district court shall have the effect of a jury verdict and the court's judgment will not be set aside by an appellate court unless the court's factual findings are clearly erroneous or the court erred in its application of the law.
Because Olmer was entitled to a trial de novo under § 25-1937, the district court erred in reviewing Olmer's appeal under the standard of review applicable for error proceedings. The district court also erred in refusing to consider the new facts and evidence presented by Olmer that were not originally in the record before the Board. Given our deferential standard of review and the fact that we cannot, as a matter of law, determine whether Olmer is entitled to a conditional use permit, we remand this cause to the district court with directions to hold a trial de novo under § 25-1937 and to make the necessary *132 findings of fact and conclusions of law.
We acknowledge, and in fact encourage, that in most instances, a trial de novo in the district court may be had by way of a stipulated record, as sensibly occurred in the present case. We also recognize the potential burden that may be placed on district courts, and we do not comment on the wisdom or efficacy of having a trial de novo on an appeal from a decision of the county board regarding a conditional use or special exception permit. Nonetheless, we are not at liberty to ignore the clear mandate of § 23-114.01(5). If more efficient and effective procedures for review are to be implemented, the Legislature is the body that must make such a policy determination.

CONCLUSION
For the reasons discussed, we reverse the judgment of the district court and remand the cause with directions to conduct a trial de novo under § 25-1937.
REVERSED AND REMANDED WITH DIRECTIONS.
HEAVICAN, C.J., not participating.
NOTES
[1] Mogensen v. Board of Supervisors, 268 Neb. 26, 679 N.W.2d 413, 268 Neb. 26, 679 N.W.2d 413 (2004).
[2] Niewohner v. Antelope Cty. Bd. of Adjustment, 12 Neb.App. 132, 668 N.W.2d 258 (2003).
[3] Mogensen v. Board of Supervisors, supra note 1.
[4] Id. at 32, 679 N.W.2d at 418. See, also, Gabel v. Polk Cty. Bd. of Comrs., 269 Neb. 714, 695 N.W.2d 433 (2005).
[5] § 23-114.01(5) (Cum.Supp.2006).
[6] Crown Products Co. v. City of Ralston, 253 Neb. 1, 567 N.W.2d 294 (1997).
[7] Id.
[8] See, McNally v. City of Omaha, 273 Neb. 558, 731 N.W.2d 573 (2007); Douglas Cty. Bd. of Comrs. v. Civil Serv. Comm., 263 Neb. 544, 641 N.W.2d 55 (2002).
[9] Moser v. Turner, 180 Neb. 635, 144 N.W.2d 192 (1966).
[10] Id. at 639, 144 N.W.2d at 195 (emphasis in original).
[11] Id.
[12] Id.
[13] Id. at 639-40, 144 N.W.2d at 195.
[14] See, also, Nicholson v. Red Willow Cty. Sch. Dist. No. 0170, 270 Neb. 140, 699 N.W.2d 25 (2005); Richardson v. Board of Education, 206 Neb. 18, 290 N.W.2d 803 (1980); Languis v. De Boer, 181 Neb. 32, 146 N.W.2d 750 (1966).
[15] See South Maple Street Assn. v. Board of Adjustment, 194 Neb. 118, 230 N.W.2d 471 (1975).
[16] See Prucha v. Kahlandt, 260 Neb. 366, 618 N.W.2d 399 (2000).
[17] See Stigge v. Graves, 213 Neb. 847, 332 N.W.2d 49 (1983).
[18] See, Fuchser v. Jacobson, 205 Neb. 786, 290 N.W.2d 449 (1980); Reese v. Mayer, 198 Neb. 499, 253 N.W.2d 317 (1977).
[19] See Reese v. Mayer, supra note 18.
[20] See 2008 Neb. Laws, L.B. 1014.
[21] In re Dissolution of School Dist. No. 22, 216 Neb. 89, 341 N.W.2d 918 (1983).