Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/10/2020 08:08 AM CDT

- 609 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
GREAT NORTHERN INS. CO. v. TRANSIT AUTH. OF OMAHA
Cite as 305 Neb. 609

Great Northern Insurance Company, an Indiana
corporation, appellee, v. Transit Authority of
the City of Omaha, a governmental subdivision
of the State of Nebraska individually and
doing business as Metro Area Transit,
appellant, and Jessica Johnson,
an individual, appellee.

___ N.W.2d ___

Filed April 17, 2020.    No. S-19-913.

1. **Judgments: Jurisdiction: Appeal and Error.** A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision.
2. **Statutes: Time.** Statutes covering substantive matters in effect at the time of the transaction or event govern, not later enacted statutes. But where there has been an amendment to a statute which was a procedural change and not a substantive change, upon the effective date of the amendment, it is binding upon a tribunal.
3. ____: ____. Procedural amendments to statutes are ordinarily applicable to pending cases, while substantive amendments are not.
4. **Statutes: Words and Phrases.** A substantive amendment is one that creates a right or remedy that did not previously exist and which, but for the creation of the substantive right, would not entitle one to recover. A procedural amendment, on the other hand, simply changes the method by which an already existing right is exercised.

Petition for further review from the Court of Appeals, on appeal thereto from the District Court for Douglas County, Thomas A. Otepka, Judge. Judgment of Court of Appeals reversed and remanded for further proceedings.

- 610 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
GREAT NORTHERN INS. CO. v. TRANSIT AUTH. OF OMAHA
Cite as 305 Neb. 609

Robert M. Schartz and Timothy Mulliner, of Abrahams, Kaslow & Cassman, L.L.P., for appellant.

Matthew D. Hammes, of Locher, Pavelka, Dostal, Braddy & Hammes, and Cheri MacArthur, of Cozen O'Connor, for appellee Great Northern Insurance Company.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Freudenberg, J.

## NATURE OF CASE

The Transit Authority of the City of Omaha, doing business as Metro Area Transit (Metro), moved for summary judgment based on sovereign immunity in a suit brought by Great Northern Insurance Company (Great Northern). The district court denied this motion, and Metro appealed. The Nebraska Court of Appeals dismissed the appeal for lack of jurisdiction, explaining that the denial of a motion for summary judgment is interlocutory and not a final order. However, after the order denying summary judgment was entered but before the 30-day period to file a timely appeal expired and before Metro filed its notice of appeal, Neb. Rev. Stat. § 25-1902 (Reissue 2016) was amended to add denials of summary judgment based on a claim of sovereign immunity to the definition of a final order.[1] Metro petitioned for further review, and we granted the petition.

## BACKGROUND

The underlying claim, not at issue here, is a subrogation action in which Great Northern is seeking compensation from Metro under the Political Subdivisions Tort Claims Act.[2] In the proceedings below, Metro challenged Great Northern's compliance with the notice requirements of the Political Subdivisions Tort Claims Act.

---

[1] See 2019 Neb. Laws, L.B. 179, § 1.

[2] Neb. Rev. Stat. § 13-901 et seq. (Reissue 2012).

- 611 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
GREAT NORTHERN INS. CO. v. TRANSIT AUTH. OF OMAHA
Cite as 305 Neb. 609

Metro moved for summary judgment based on sovereign immunity. Metro claimed that Great Northern did not properly comply with the Political Subdivisions Tort Claims Act and that the failure to comply with the notice requirements meant that Metro never waived sovereign immunity. On August 23, 2019, the district court denied Metro's motion on the ground that Metro was estopped from asserting immunity after Metro's outside counsel responded to Great Northern's notice. On September 3, Metro moved to reconsider. The motion was denied, and Metro filed an appeal on September 19. Metro's notice of appeal stated that it was appealing the original order denying summary judgment. On October 11, the Court of Appeals summarily dismissed the appeal, explaining that a denial of a motion for summary judgment is interlocutory and not a final order pursuant to § 25-1902.

However, § 25-1902 was amended effective September 1, 2019.[3] This change added language specifying that an order denying summary judgment when the motion is based on sovereign immunity is a final order. The relevant sections were amended to read:

> (1) The following are final orders which may be vacated, modified, or reversed:
>
> . . . .
>
> (d) An order denying a motion for summary judgment when such motion is based on the assertion of sovereign immunity or the immunity of a government official.
>
> (2) An order under subdivision (1)(d) of this section may be appealed pursuant to section 25-1912 within thirty days after the entry of such order or within thirty days after the entry of judgment.[4]

Because the change to § 25-1902 took effect before the appeal was filed, but after the order itself was issued, the question presented is which version of the final order statute should apply.

---

[3] Neb. Rev. Stat. § 25-1902 (Supp. 2019).

[4] See *id.*

- 612 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
GREAT NORTHERN INS. CO. v. TRANSIT AUTH. OF OMAHA
Cite as 305 Neb. 609

## ASSIGNMENT OF ERROR

Metro argues that the Court of Appeals erred by failing to recognize that the denial of Metro's motion for summary judgment asserting sovereign immunity was a final order under § 25-1902 as of September 1, 2019.

## STANDARD OF REVIEW

[1] A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision.[5]

## ANALYSIS

The sole issue in this case is whether the Court of Appeals had jurisdiction when the notice of appeal was filed on September 19, 2019. We find that the Court of Appeals did have jurisdiction when the notice of appeal was filed because the amended version of § 25-1902 had taken effect.

In order to vest the court with appellate jurisdiction, the party seeking the appeal must comply with several statutory requirements. Section 25-1902 provides the definition of what is a final order, and Neb. Rev. Stat § 25-1912 (Cum. Supp. 2018) provides the methodology for how an appeal is perfected. In interpreting the requirements of § 25-1912, we have said that "[s]ection 25-1912 sets forth the only method by which a party may invoke the jurisdiction of an appellate court . . . ."[6] There are three steps required to invest the court with jurisdiction: (1) there must be a judgment or final order entered by the court from which the appeal is taken,[7] (2) a party must timely file a notice of appeal,[8] and (3) the appealing

---

[5] *Green v. Seiffert*, 304 Neb. 212, 933 N.W.2d 590 (2019).

[6] *State v. Schmailzl*, 248 Neb. 314, 316, 534 N.W.2d 743, 745 (1995).

[7] See, § 25-1902 (Supp. 2019); *Fritsch v. Hilton Land & Cattle Co.*, 245 Neb. 469, 513 N.W.2d 534 (1994).

[8] See, § 25-1912; *Green v. Seiffert, supra* note 5.

- 613 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
305 NEBRASKA REPORTS
GREAT NORTHERN INS. CO. v. TRANSIT AUTH. OF OMAHA
Cite as 305 Neb. 609

party must pay the docket fee to the clerk of the court or file in forma pauperis.[9]

[2,3] The order entered on August 23, 2019, did not meet the definition of a final order when entered. However, the amendment to § 25-1902 took effect before Metro's 30-day window to appeal had expired. It is a well-established principle that statutes covering substantive matters in effect at the time of the transaction or event govern, not later enacted statutes.[10] But where there has been an amendment to a statute which was a procedural change and not a substantive change, upon the effective date of the amendment, it is binding upon a tribunal.[11] Thus, procedural amendments to statutes are ordinarily applicable to pending cases, while substantive amendments are not.[12]

[4] We have explained that a substantive amendment is one that creates a right or remedy that did not previously exist and which, but for the creation of the substantive right, would not entitle one to recover.[13] A procedural amendment, on the other hand, simply changes the method by which an already existing right is exercised.[14]

At issue in the larger case is the substantive question of whether Metro waived sovereign immunity under the Political Subdivisions Tort Claims Act. The change to § 25-1902 does not affect the substance of that claim. Rather, it changes the procedure governing when Metro can request review. By making the denial of a claim of sovereign immunity a final order, the amendment allows a sovereign to file an interlocutory appeal within 30 days of the order instead of waiting until the

---

[9] See § 25-1912.

[10] *Dragon v. Cheesecake Factory*, 300 Neb. 548, 915 N.W.2d 418 (2018).

[11] *Id.*

[12] *Id*.

[13] *Id.*

[14] *Id.*

- 614 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
GREAT NORTHERN INS. CO. v. TRANSIT AUTH. OF OMAHA
Cite as 305 Neb. 609

final judgment to seek review of the lower court's decision on sovereign immunity. We hold that the amendment to § 25-1902 which took effect September 1, 2019, was a procedural change that was binding upon its effective date.

Because Metro filed its notice of appeal after the effective date of the amendment to § 25-1902, the amendment governed whether that notice of appeal succeeded in divesting the lower court of jurisdiction and in bringing the matter of the lower court's ruling on sovereign immunity to the Court of Appeals. Subsection (2) of the amended version of § 25-1902 provides that any order that meets the definition under subsection (1)(d) may be appealed pursuant to § 25-1912. The order subject to Metro's notice of appeal meets that definition. Thus, the amended language of § 25-1902 allowed for Metro to file a notice of appeal based on the August 23, 2019, order.[15]

The amended change to § 25-1902 allows for the appeal from an order denying summary judgment based on a claim of sovereign immunity as long as the appealing party complied with the requirements of § 25-1912. Metro has otherwise complied with the requirements for perfecting an appeal under § 25-1912. As such, the Court of Appeals erred in denying the appeal for a lack of jurisdiction.

## CONCLUSION

We find that the Court of Appeals had jurisdiction pursuant to § 25-1902 (Supp. 2019), which was effective September 1, 2019. We reverse the dismissal of the appeal by the Court of Appeals and remand the cause for further proceedings.

Reversed and remanded for
further proceedings.

---

[15] See § 25-1902(2) (Supp. 2019).