Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/28/2022 08:08 AM CDT

- 812 -

Nebraska Supreme Court Advance Sheets
310 Nebraska Reports
KOWALEWSKI v. MADISON CTY. BD. OF COMRS.
Cite as 310 Neb. 812

Ronald and Linda Kowalewski and Robert and
Sally Schroeter, appellants, v. Madison
County Board of Commissioners and
Elkhorn Valley Sportsman
Club, appellees.

___ N.W.2d ___

Filed January 28, 2022.    No. S-21-229.

1. **Jurisdiction: Appeal and Error.** A jurisdictional question that does not
   involve a factual dispute is determined by an appellate court as a matter
   of law.
2. **Judgments: Appeal and Error.** When reviewing questions of law, an
   appellate court resolves the questions independently of the lower court's
   conclusions.
3. **Statutes: Judicial Construction: Legislature: Intent: Presumptions.**
   Where a statute has been judicially construed and that construction has
   not evoked an amendment, it will be presumed that the Legislature has
   acquiesced in the court's determination of the Legislature's intent.
4. **Time: Appeal and Error.** In order to perfect an appeal, a notice of
   appeal and the docket fee (or application to proceed in forma pauperis
   in place of the docket fee) must be filed within the applicable period.

Appeal from the District Court for Madison County: James
G. Kube, Judge. Appeal dismissed.

George H. Moyer, of Moyer, Moyer & Lafleur, for appellants.

Joseph M. Smith, Madison County Attorney, for appellee
Madison County Board of Commissioners.

Michelle M. Schlecht, of Copple, Rockey, Schlecht &
Mason, P.C., L.L.O., for appellee Elkhorn Valley Sportsman
Club.

- 813 -

Nebraska Supreme Court Advance Sheets
310 Nebraska Reports
KOWALEWSKI v. MADISON CTY. BD. OF COMRS.
Cite as 310 Neb. 812

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Heavican, C.J.

## INTRODUCTION

The Madison County Board of Commissioners (Board) approved the Elkhorn Valley Sportsman Club's application for a conditional use permit. Ronald and Linda Kowalewski and Robert and Sally Schroeter (collectively the Kowalewskis) appealed to the Madison County District Court. That court dismissed the appeal for failure to pay the docket fee. We agree and, accordingly, dismiss this appeal.

## BACKGROUND

The Elkhorn Valley Sportsman Club applied for a conditional use permit to operate a trap and skeet shooting range. A public hearing was held, after which the Board granted the application on September 15, 2020.

The Kowalewskis appealed that decision to the district court on October 14, 2020. With that notice of appeal, the Kowalewskis also deposited with the county clerk for Madison County a $100 check as a cash bond for costs, as well as a check for $82 payable to the Madison County District Court intended to cover the filing fee. In fact, the filing fee to perfect an appeal from the Board to the district court was, at that time, $83.

Day 30, for purposes of filing an appeal, was October 15, 2020. According to the facts as found by the district court, on October 16 (or day 31), an additional $1 was paid to the clerk of the district court. The record does not reveal any request or attempt by the Kowalewskis asking the county clerk to apply the money from the bond to the filing fee.

On December 2, 2020, the Kowalewskis filed a petition detailing their allegations that the Board erred in granting the conditional use permit. The next day, December 3, the Board filed a motion to dismiss on the basis that the docket fee had not been timely paid. On December 4, the Elkhorn

- 814 -

Nebraska Supreme Court Advance Sheets
310 Nebraska Reports
KOWALEWSKI v. MADISON CTY. BD. OF COMRS.
Cite as 310 Neb. 812

Valley Sportsman Club filed its own motion to dismiss on the same grounds.

The district court held a hearing on the motions to dismiss. During that hearing, the court was asked to take, and took, judicial notice of its own file, "particularly those notations from the clerk concerning the filing fee and the notice filed by counsel." Following the hearing, the district court dismissed the appeal for failure to pay the required docket fee. This appeal followed.

## ASSIGNMENTS OF ERROR

The Kowalewskis assign that the district court erred in (1) sustaining the motions to dismiss, (2) dismissing the appeal, and (3) considering Elkhorn Valley Sportsman Club's motion to dismiss.

## STANDARD OF REVIEW

[1,2] A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law.[1] When reviewing questions of law, an appellate court resolves the questions independently of the lower court's conclusions.[2]

## ANALYSIS

The primary issue presented by this appeal is whether the district court erred in dismissing the Kowalewskis' appeal from the decision of the Board for lack of appellate jurisdiction.

The Kowalewskis' appeal is governed by Neb. Rev. Stat. §§ 23-114.01(5) (Reissue 2012), 25-1937 (Reissue 2016), and 25-2729 (Cum. Supp. 2020). Section 23-114.01(5) provides for a right of appeal from the decision of a county board of commissioners granting a conditional use permit, but that section provides no procedure to pursue an appeal.

State law covers that scenario in § 25-1937, which states that when "the Legislature enacts a law providing for an

---

[1] *In re Estate of Beltran, ante* p. 174, 964 N.W.2d 714 (2021).

[2] *Id*.

- 815 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
310 NEBRASKA REPORTS
KOWALEWSKI v. MADISON CTY. BD. OF COMRS.
Cite as 310 Neb. 812

appeal without providing the procedure therefor, the procedure for appeal to the district court shall be the same as for appeals from the county court to the district court in civil actions." And § 25-2729 sets forth the procedure for perfecting an appeal from the county court to the district court sitting as an intermediary court of appeals.

Section 25-2729 specifically provides:

(1) In order to perfect an appeal from the county court, the appealing party shall within thirty days after the entry of the judgment or final order complained of:

(a) File with the clerk of the county court a notice of appeal; and

(b) Deposit with the clerk of the county court a docket fee of the district court for cases originally commenced in district court.

(2) Satisfaction of the requirements of subsection (1) of this section shall perfect the appeal and give the district court jurisdiction of the matter appealed.

We have repeatedly held that the failure to pay the docket fee is jurisdictional,[3] and § 25-2729 states as much. The Kowalewskis do not take issue with this assertion. Instead, they argue that in addition to the $82 docket fee, the county clerk also had a $100 cash bond on deposit and the clerk should have applied $1 from that bond to the filing fee.

In support of this contention, the Kowalewskis direct us to *Stigge v. Graves*[4] and *In re Application of Olmer* (*Olmer*).[5] In *Stigge*, the appellant was appealing under the prior versions of §§ 25-1937 and 25-2729 from an order of a county superintendent. In *Olmer*, the appeal was from the denial by a county board of a conditional use permit.

---

[3] Cf., *State v. Melton*, 308 Neb. 159, 953 N.W.2d 246 (2021); *State v. Jones*, 307 Neb. 809, 950 N.W.2d 625 (2020); *Great Northern Ins. Co. v. Transit Auth. of Omaha*, 305 Neb. 609, 941 N.W.2d 497 (2020).

[4] *Stigge v. Graves*, 213 Neb. 847, 332 N.W.2d 49 (1983).

[5] *In re Application of Olmer*, 275 Neb. 852, 752 N.W.2d 124 (2008).

- 816 -

Nebraska Supreme Court Advance Sheets
310 Nebraska Reports
KOWALEWSKI v. MADISON CTY. BD. OF COMRS.
Cite as 310 Neb. 812

In *Olmer*, we cited *Stigge* and noted that because § 25-2729 was intended to apply to appeals from a county court to a district court, it "cannot be applied literally" to an appeal from the county board of commissioners.[6] The Kowalewskis argue that we should similarly not apply the docket fee requirement "literally" because the $100 bond meant that the full amount of the filing fee was on deposit with the clerk.

But the two scenarios are different. When *Olmer* and *Stigge* are read in context, we were simply noting the reality that under § 25-1937, appellants were to treat their appeals as if they were from the county court to the district court, when in reality it was an appeal from a county entity (in *Olmer*, the county board; in *Stigge*, the county superintendent) to the district court. We held as much because that interpretation made the most sense given the statutory scheme as a whole. What we were not saying in *Olmer* and *Stigge* was that payment of a docket fee, which we have held is jurisdictional, could be met through something other than strict compliance with that requirement.

[3] At the time we decided *Stigge*, and later *Olmer*, we interpreted § 25-1937 to apply in those respective situations, and that interpretation has not evoked an amendment. As such, we will presume that the Legislature has acquiesced in the court's determination of the Legislature's intent.[7]

The Board directs us to *State v. Moore*,[8] which is factually similar, though unpublished. That case presented the Nebraska Court of Appeals with the issue of whether an appeal had been perfected despite nonpayment of the docket fee. There, the defendant failed to file either a docket fee or a poverty affidavit with his notice of appeal to the district court. The defendant had previously filed a $50 bond following his arrest,

---

[6] *Id.* at 860, 752 N.W.2d at 130.

[7] See *Baker-Heser v. State*, 309 Neb. 979, 963 N.W.2d 59 (2021).

[8] *State v. Moore*, No. A-92-906, 1993 WL 385782 (Neb. App. Sept. 28, 1993) (not designated for permanent publication).

- 817 -

Nebraska Supreme Court Advance Sheets
310 Nebraska Reports
KOWALEWSKI v. MADISON CTY. BD. OF COMRS.
Cite as 310 Neb. 812

and that bond was still deposited with the court at the time of his appeal. He sought to have that bond retroactively applied to cover his filing fees. The Court of Appeals rejected this argument and dismissed the appeal for lack of jurisdiction.

[4] Nebraska law is clear that in order to perfect an appeal, a notice of appeal and the docket fee (or application to proceed in forma pauperis in place of the docket fee) must be filed within the applicable period.[9] We have found no case law suggesting that a prospective appellant can pay less than the entire docket fee or that the county clerk has any responsibility in this instance to use money from a bond to make up the difference for an underpaid docket fee. There is no merit to the Kowalewskis' appeal.

## CONCLUSION

The Kowalewskis' appeal is dismissed for lack of jurisdiction.

Appeal dismissed.

---

[9] See § 25-2729(1)(b).

Cassel, J., concurring.

Like my concurring colleague, I agree with the court's opinion. I write separately to respectfully contend that my colleague's suggestion regarding an alternative approach to Neb. Rev. Stat. § 25-1937 (Reissue 2016) is neither literal nor practical.

Historically, both county courts and quasi-judicial tribunals were recognized as inferior to the district court.[1] Most appeals from county court still run to the district court.[2] While in recent years a small number of statutory appeal procedures have been provided from an executive branch official to a county

---

[1] See, Neb. Rev. Stat. § 25-1901 (Reissue 1943); *McEwen v. Nebraska State College Sys.*, 303 Neb. 552, 931 N.W.2d 120 (2019); *From v. Sutton*, 156 Neb. 411, 56 N.W.2d 441 (1953).

[2] See, e.g., Neb. Rev. Stat. §§ 25-2728 (Cum. Supp. 2020) and 25-2733 (Reissue 2016).

- 818 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
310 NEBRASKA REPORTS
KOWALEWSKI v. MADISON CTY. BD. OF COMRS.
Cite as 310 Neb. 812

court or county judge,[3] the principal statute still recognizes the district court as the court empowered to entertain petitions in error where no right of appeal is provided.[4] Certainly, when § 25-1937 was first adopted in 1963, no statute provided for county court involvement with any administrative or quasi-judicial appeal or petition in error. I find nothing in the text or legislative history of § 25-1937 or any of its subsequent amendments suggesting that it contemplates actual involvement by a county court.[5]

Section 25-1937 provides no literal assignment of any power or duty to the county court. Instead, it states that the "procedure for appeal to the district court *shall be the same as for* appeals from the county court to the district court in civil actions."[6] It does *not* say that appeal documents shall be filed in the county court. The context of the phrase "the same as for" denotes an appellate procedure *identical* to appeals from the county court to the district court in civil actions—not an assignment of a function to the county court.[7]

Moreover, practical difficulties abound. The county court would have no records pertaining to the subject of the quasi-judicial proceeding. It would have no case established in its case management system. It would have no funds from which to pay for the costs of preparing and transmitting a record. It would have no means of certifying to the accuracy of any records of the tribunal from which an appeal is to be taken.

---

[3] See, e.g., Neb. Rev. Stat. §§ 69-2406 and 71-617.07 (Reissue 2016).

[4] See § 25-1901 (Reissue 2016).

[5] See, 1963 Neb. Laws, ch. 138, § 1, p. 515; 1988 Neb. Laws, L.B. 352, § 26; 1991 Neb. Laws, L.B. 732, § 66.

[6] § 25-1937 (emphasis supplied).

[7] See "Same," Oxford English Dictionary Online, http://www.oed.com/view/Entry/170362 (last visited Jan. 24, 2022) ("[w]ith forward reference: [i]dentical with what is indicated in the following context"). See, also, Webster's Third New International Dictionary of the English Language, Unabridged 2007 (1993) ("same" defined as "in the same manner"); Webster's New International Dictionary, Second Edition, Unabridged 2209 (1934) ("same" defined as "[e]qually; just; likewise").

- 819 -

Nebraska Supreme Court Advance Sheets
310 Nebraska Reports
KOWALEWSKI v. MADISON CTY. BD. OF COMRS.
Cite as 310 Neb. 812

It would have no statutory recognition of the county court as superior to the tribunal. It would have literally *no judicial function whatsoever* regarding such an appeal. The scheme contemplated by my colleague would have the county court acting in a purely ministerial capacity, but without any statute imposing upon it any power or duty to do so.

I recognize that on several occasions, this court has at least hinted that § 25-1937 deserves legislative attention.[8] Some 13 years have passed since this court's initial decision drawing application of the county court appeal statutes[9] to § 25-1937 by analogy.[10] Where a statute has been judicially construed and that construction has not evoked an amendment, it will be presumed that the Legislature has acquiesced in the court's determination of the Legislature's intent.[11] This principle seems particularly apt where this court has repeatedly addressed the statute's difficulties.

The right of appeal in Nebraska is purely statutory.[12] I do not believe that this court can, by some change of statutory interpretation, remedy the ill fit of § 25-1937 to modern procedure. However frustrating it may seem, only the Legislature is empowered to address this problem.

---

[8] See, *Preserve the Sandhills v. Cherry County, ante* p. 184, 964 N.W.2d 721 (2021); *Champion v. Hall County*, 309 Neb. 55, 958 N.W.2d 396 (2021); *Egan v. County of Lancaster*, 308 Neb. 48, 952 N.W.2d 664 (2020); *Cargill Meat Solutions v. Colfax Cty. Bd. of Equal.*, 281 Neb. 93, 798 N.W.2d 823 (2011); *In re Application of Olmer*, 275 Neb. 852, 752 N.W.2d 124 (2008).

[9] See Neb. Rev. Stat. §§ 25-2728 to 25-2738 (Reissue 2016 & Cum. Supp. 2020).

[10] *In re Application of Olmer, supra* note 8.

[11] *Baker-Heser v. State*, 309 Neb. 979, 963 N.W.2d 59 (2021).

[12] *Porter v. Porter*, 309 Neb. 167, 959 N.W.2d 235 (2021).

STACY, J., concurring.

I agree we lack jurisdiction over this appeal, because the docket fee deposited by the appellants was a day late and a

- 820 -

Nebraska Supreme Court Advance Sheets
310 Nebraska Reports
KOWALEWSKI v. MADISON CTY. BD. OF COMRS.
Cite as 310 Neb. 812

dollar short. I write separately, however, to suggest that in an appropriate case, we should revisit the appeal procedure announced in *In re Application of Olmer* (*Olmer*).[1]

In 2004, when the Legislature amended what is now Neb. Rev. Stat. § 23-114.01 (Reissue 2012) to authorize appeals to the district court from decisions granting or denying conditional use permits, it failed to prescribe a procedure for perfecting such appeals. *Olmer* attempted to resolve that problem by looking to Neb. Rev. Stat. § 25-1937 (Reissue 2016), which provides that when the Legislature confers a right to appeal to the district court but fails to provide a procedure for doing so, the procedure "shall be the same as for appeals from the county court to the district court in civil actions." *Olmer* correctly noted, "The statute governing the procedure for appeals from county court to district court is Neb. Rev. Stat. § 25-2729 (Cum. Supp. 2006)."[2] Then and now, § 25-2729(1) set out two requirements for perfecting an appeal: within 30 days after entry of the judgment or final order complained of, the appellant must (1) file a notice of appeal "with the clerk of the county court" and (2) "[d]eposit with the clerk of the county court a docket fee of the district court for cases originally commenced in district court."[3]

*Olmer* reasoned the procedure under § 25-2729 "cannot be applied literally"[4] to appeals from decisions granting or denying conditional use permits, because such matters do not originate in the county court. So *Olmer* applied the procedure in § 25-2729 "by analogy"[5] and held that in appeals from decisions of a county planning commission or county board of commissioners or supervisors, § 25-2729, "in essence,

---

[1] *In re Application of Olmer*, 275 Neb. 852, 752 N.W.2d 124 (2008).

[2] *Id.* at 860, 752 N.W.2d at 130.

[3] See Neb. Rev. Stat. § 25-2729(1)(a) and (b) (Cum. Supp. 2020).

[4] *In re Application of Olmer, supra* note 1, 275 Neb. at 860, 752 N.W.2d at 130.

[5] *Id.*

- 821 -

Nebraska Supreme Court Advance Sheets
310 Nebraska Reports
KOWALEWSKI v. MADISON CTY. BD. OF COMRS.
Cite as 310 Neb. 812

requires that the appealing party file a notice of appeal with the lower tribunal or decisionmaker,"[6] instead of filing it with the clerk of the county court. The appellant in *Olmer* was found to have satisfied that jurisdictional requirement by filing his notice of appeal with the county commissioners and having it file stamped by the county clerk. *Olmer* did not elaborate on how to satisfy the jurisdictional requirement of depositing the docket fee.

In the instant appeal, the majority opinion appears to assume the procedure described in *Olmer* requires an appellant to deposit the docket fee with the county clerk rather than with the clerk of the county court. That is what occurred here, and while it may be a reasonable application of the *Olmer* analogy, I question whether that analogy was necessary or appropriate in the first instance. I respectfully suggest that *Olmer* may have concluded too quickly that the same procedure for perfecting appeals from the county court to the district court under § 25-2729(1) cannot be applied to appeals from decisions of a county entity granting or denying a conditional use permit.

*Olmer* did not discuss the significant differences between the statutory duties of the county clerk and the clerk of the county court. The duties of a county clerk are set out in Neb. Rev. Stat. §§ 23-1301 to 23-1302 (Reissue 2012) and are primarily focused on keeping the records of county board proceedings. These duties do not include or contemplate accepting court fees or court filings.[7] And while there is a statutory procedure governing how a county clerk transfers funds to the county treasury,[8] there is no statutory procedure authorizing or requiring a county clerk to transmit court filings or docket fees to the clerk of the district court. Here, the majority opinion correctly notes that no case requires a county clerk to use deposited court costs to make up a shortfall in the required

---

[6] *Id.*

[7] See §§ 23-1301 and 23-1302.

[8] See Neb. Rev. Stat. § 23-1303(6) (Reissue 2012).

- 822 -

Nebraska Supreme Court Advance Sheets
310 Nebraska Reports
KOWALEWSKI v. MADISON CTY. BD. OF COMRS.
Cite as 310 Neb. 812

docket fee, but the reality is there is no case or statute requiring the county clerk to do anything with a notice of appeal, a court docket fee, or court costs. Under the judicial procedure we sanctioned in *Olmer*, appellants must rely on the good will of the county clerk to accept and file stamp their notice of appeal, accept their tendered docket fee, and timely transmit the same to the clerk of the district court.

In contrast, it is the statutory duty of the "clerk of each of the courts" to file and carefully preserve all papers delivered to him or her for filing[9] and to "perform the duties conferred and imposed upon him [or her] by other provisions of this code, by other statutes and by the common law."[10] In light of a court clerk's statutory duty to accept filings, I question whether *Olmer* correctly concluded that the jurisdictional requirements of § 25-2729(1) (filing notice of appeal and depositing required docket fee with clerk of county court within 30 days of decision being appealed) could not be applied literally to perfect an appeal from a decision granting or denying a conditional use permit. I see no reason why a clerk of the county court would, or could, refuse to accept a notice of appeal or a docket fee tendered by one who is following the statutory procedure expressly authorized by § 25-2729 to perfect an appeal to the district court, which is expressly authorized by § 23-114.01. Moreover, once a notice of appeal is filed and the required docket fee is deposited, it is the statutory duty of the clerk of the county court to timely transmit the same to the clerk of the district court, after which the district court clerk then has a statutory duty to docket the appeal in that court.[11] In short, the clerk of the county court has a clear statutory duty and an established statutory procedure to follow when accepting filings and deposits necessary to perfect an appeal to the district court, as well as a commensurate statutory duty to

---

[9] See Neb. Rev. Stat. § 25-2205 (Cum. Supp. 2018).

[10] See Neb. Rev. Stat. § 25-2214 (Reissue 2016).

[11] See Neb. Rev. Stat. § 25-2731 (Reissue 2016).

- 823 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
310 NEBRASKA REPORTS
KOWALEWSKI v. MADISON CTY. BD. OF COMRS.
Cite as 310 Neb. 812

timely transmit the same to the clerk of the district court. The county clerk does not.

I agree with the majority's observation that the Legislature appears to have acquiesced in the modified application of § 25-2729 in *Olmer*. But legislative acquiescence does not make the modified appeal procedure in *Olmer* either workable or principled. And in retrospect, it is possible the judicial solution we devised in *Olmer* created more problems than it solved.

In my opinion, this court should, in an appropriate case, revisit *Olmer* to more thoroughly examine whether the statutory procedure for perfecting appeals under § 25-2729(1) can be applied literally to appeals from decisions of county entities granting or denying conditional use permits. To be sure, practical challenges exist whether the statutory procedure set out in § 25-2729(1) is applied literally or whether the analogous judicial procedure recognized in *Olmer* is followed. But until the Legislature chooses to enact an appellate procedure that specifically accommodates the appeals allowed by § 23-114.01, it seems to me the more principled approach would be to follow the statutory procedure enacted by the Legislature, even if that procedure is imperfect. After all, the Nebraska Constitution allocates regulation of appellate jurisdiction to the Legislature, not the courts.[12]

---

[12] *Heckman v. Marchio*, 296 Neb. 458, 894 N.W.2d 296 (2017).